UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

KIMBERLY YVETTE HALL,

Defendant.

Criminal No. 11-253-04 (CKK)

**MEMORANDUM OPINION**
(March 18, 2020)

Pending before this Court is *pro se* Defendant Kimberly Yvette Hall's [260] Motion for Expungement (Def.'s Mot.") requesting an expungement of her criminal records. The United States filed its [263] Opposition to the Defendant's Motion for Expungement ("Govt.'s Opp'n"); and Defendant had until March 13, 2020 to file a reply, but she did not do so. Defendant Kimberly Yvette Hall ("Defendant" or "Ms. Hall") has requested the issuance of an "order to seal all publicly available records for [her] arrest and related court proceedings [.]" Def.'s Mot., ECF No. 260, at 1. Upon review of relevant legal authorities and the pleadings made by the parties, the Court shall DENY Ms. Hall's [260] Motion for Expungement.

**I. BACKGROUND**

Ms. Hall was charged with one count of Conspiracy to Distribute and Possess With Intent to Distribute Five Kilograms or More of Cocaine and 280 Grams or More of Cocaine Base in violation of 21 U.S.C. § 846; one count of Using, Carrying,, and Possessing a Firearm During a Crime of Violence or Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1); and one count of Use of a Communication Facility in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2.

Ms. Hall entered into a [127] Deferred Prosecution Agreement ("DPA") with the United

1

States, whereby she agreed that she and another person "knowingly opened, leased, rented, used and maintained [a specified] residence for the purpose of manufacturing, distributing, or using marijuana, a controlled substance, in violation of 21 U.S.C. § 856(a)(1)." DPA, ECF No. 127, at 1. Ms. Hall admitted to the criminal conduct described above and acknowledged responsibility for that conduct. *Id.* at 2. When Defendant signed the DPA, she indicated that she had carefully reviewed the DPA with her counsel and that she understood the DPA and was "voluntarily, knowingly, and willfully" agreeing to it and the conditions of the deferred prosecution "without force, threat[,] or coercion." *Id.* at 5. On July 23, 2012, Ms. Hall was arraigned on the superseding indictment and entered a plea of not guilty. On May 30, 2013, the United States filed a motion to dismiss the case against Ms. Hall, ECF No. 208, which this Court granted on May 31, 2013. *See* ECF No. 29.

On January 6, 2020, the Defendant's Motion for Expungement, dated January 3, 2020, was permitted to be filed. In her Motion, Defendant cites to D.C. Code Section 16-803(f) and notes that: (1) her arrest records "hinder[ ] any meaningful employment opportunities;" (2) her "[e]mployment placement or advancement" is limited by past charges against her; and (3) she suffers "mental anguish [ ] due to incorrect charges against [her] well-being." Def.'s Mot., ECF No. 260, at 1.

## II. ANALYSIS

"The power to order expungement is part of the general power of the federal courts to fashion appropriate remedies to protect important legal rights." *United States v. Archer*, Criminal No. 07-0029, 2012 WL 5818244, at *1 (D.D.C. Nov. 13, 2012) (quoting *Doe v. Webster*, 606 F.2d 1226, 1231 n.8, (D.C. Cir. 1979)); *see Chastain v. Kelley,* 510 F.2d 1232, 1235 (D.C. Cir. 1975) (federal courts have the power to order the expungement of government records, such as criminal

records, "where necessary to vindicate rights secured by the Constitution or by statute.") "Before expunging a criminal record, the Court must find, after examining the particular facts and circumstances of the case, the 'remedy is necessary and appropriate in order to preserve basic legal rights.'" *United States v. Davis*, No. CR. 342-72, 2006 WL 1409761, at *2 (D.D.C. May 23, 2006) (quoting *Livingston v. U.S. Dep't of Justice*, 759 F.2d 74, 78 (D.C. Cir. 1985)).

A federal court's jurisdiction to hear motions to expunge convictions or arrests is "limited" in the absence of an enabling federal statute. *Herrington v. Bezotte*, 2015 WL 268412, at *5 (E.D. Mich. 2015) (citing *United States v. Field*, 756 F.3d 911, 915 (6th Cir. 2014).[1] 'The court may order expungement where it is required or authorized by statute, or in the exercise of its inherent equitable powers." *Archer*, *supra*. at *1 (internal quotation marks and citation omitted); *see United States v. Derouen*, 279 F. Supp. 3d 298, 299 (D.D.C. 2018) (Kollar-Kotelly, J.) (same); *see also Livingston*, *supra*. at 78 (observing that "courts have the inherent, equitable power to expunge arrest records") (citations omitted). In this case, Ms. Hall cites D.C. Code Section 16-803(f) (providing for the sealing of public criminal records) as grounds for her request, but there is no indication that this statute (which defines the "Court" as the "Superior Court") applies in this federal court.

There is "no 'standalone right to expungement of government records' [ ] recognized in this Circuit." *United States v. Douglas*, 282 F. Supp. 3d 275, 278 (D.D.C. 2017) (quoting *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 536 (D.C. Cir. 2015)). When the court exercises its inherent equitable power to order expungement it requires "either a lack of probable

---

[1] The Government notes that certain federal and state statutes permit expungement of criminal records, Govt.'s Opp'n, ECF No. 263, at 3 n.1 (string citing statutory provisions), but none of these provisions is applicable to Ms. Hall nor has she relied upon them.

cause coupled with specific circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances." *Doe*, 606 F.2d at 1230; *see e.g., United States v. Blackwell*, 45 F. Supp. 3d 123, 124 (D.D.C. 2014) ("Absent a statutory basis authorizing expungement, courts have granted motions to expunge only in extreme circumstances, such as in cases involving flagrant constitutional violations.")

In the instant case, Defendant does not contend her arrest was improper, nor does she plead unusual or extraordinary circumstances justifying expungement. Rather, Ms. Hall seeks expungement of her arrest on grounds that the charges that were brought against her have limited her employment opportunities and caused her emotional harm. Defendant's inability to obtain employment is on its own insufficient to justify expungement of his criminal record. *See United States v. Baccous*, Criminal Action No. 99-0596, 2013 WL 1707961, at *2 (D.D.C. April 22, 2013) (noting that while defendant's concerns about employment and residential opportunities were valid, they did not constitute "extreme circumstances" warranting expungement of his criminal record). *See. e.g., United States v. Douglas*, 282 F. Supp. 3d 275, 278 (D.D.C. 2017) ("Merely citing to the fact that a criminal record may foreclose or present difficulties in finding employment opportunities does not meet the fundamental prerequisite of setting out a legally cognizable claim to vindicate rights secured by the Constitution or by statute, for which claim expungement may be appropriate relief."); *United States v. Robinson*, 23 F. Supp. 3d 15, 16 (D.D.C. 2014) ("[E]ven difficulties obtaining employment and securing housing are not regarded as extreme circumstances" justifying expungement.); *United States v. Woods*, 313 F. Supp. 3d 197, 200 (D.D.C. 2018) ("Inability to obtain specific employment is neither an exceptional circumstance nor an unusual result of a criminal conviction."); *United States v. Evans*, 78 F. Supp. 3d 351, 353 (D.D.C. 2015) ("Evans seeks to expunge his criminal record so that it does not appear on

background checks run by potential employers. However, in this Circuit, this does not present an extreme or unusual circumstance justifying expungement.") Accordingly, the Court lacks the power to expunge Ms. Hall's criminal record under these circumstances.

The Government notes that "the stringency of this standard is evident in its equal application to individuals who, like Ms. Hall, were only arrested but never actually convicted (although Ms. Hall did admit to engaging in illegal conduct involving controlled substances in the DPA.)" Govt.'s Opp'n, ECF No. 263, at 5. In *Doe*, the Circuit Court noted that:

> If there was no crime, or if the government concedes that the defendant was not in any way implicated in its commission, it would appear to have no need for the records at all. If, however, the charges are dismissed for some other reason ([e].g., a plea bargain) or if the defendant is tried and acquitted on a 'technical' ground, there may arguably be a need to retain the record for investigatory purposes in the event that another, similar, offense is committed.

*Doe*, 606 F.2d at 1231 n.15; *see United States v. Benlizar*, 459 F. Supp. 614, 624 (D.D.C. 1978) ("Of course, just because a defendant is not convicted is not sufficient reason to expunge the arrest record because it remains a defect-less historical fact.") (citation omitted).

In this Circuit, when assessing whether to invoke the Court's inherent authority to grant a motion for expungement of an arrest record, the Court considers whether "serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest." *United States v. Davis*, No. CR 342-72, 2006 WL 1409761, at *2 (May 23, 2006) (citations omitted). This Circuit is clear that the Government has a "legitimate need in maintaining criminal records in order to efficiently conduct future criminal investigations." *Doe*, 606 F.2d at 1243. "Retaining and preserving arrest records serve[s] the important function of promoting effective law enforcement" and serves the "compelling public need for an effective and workable criminal identification procedure." *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977) (quotation omitted); *see*

5

*also United States v. Woods*, 313 F. Supp. 3d 197, 200 (D.D.C. 2018) ("The government has both the statutory authority to maintain criminal records and a demonstrated need to do so in order to conduct future criminal investigations efficiently.") Retaining criminal records "aids in effective law enforcement" and maintaining records of convictions "helps preserve uniform sentencing under the United States Sentencing Guidelines" because the sentencing ranges rely in part on a defendant's past criminal history. *United States v. Salleh*, 863 F. Supp. 283, 284 (E.D. Va. 1994). As a result, expungements of criminal records are rare, without authorizing statute or extraordinary circumstances. "[R]elief usually is granted only in extreme circumstances, the finding of which requires a balancing of the equities between the right of privacy of the individual and the right of law enforcement officers to perform their necessary duties." *Davis*, 2006 WL 1409761, at *2 (internal quotation marks and quotation omitted).

### III. CONCLUSION

Ms. Hall notes her arrest and the subsequent barriers to obtaining gainful employment that stem from that arrest. The Court acknowledges the difficulties experienced by a defendant as a direct and collateral result of having been arrested and charged with a felony. That said, Ms. Hall does not present applicable statutory authority in support of her expungement request, nor does she contend her arrest was improper, or demonstrate any extraordinary circumstances that would warrant expungement when balanced against the government interest in preserving criminal records. The circumstances expressed by Defendant are not unique to her, but instead, they are the circumstances facing every defendant with a criminal record and as such, they fail to "rise to the level of the exceptional circumstances necessary to justify this Court's exercise of its equitable power to expunge records of a valid arrest and conviction absent a showing of some violation of rights." *United States v. Wilson*, 98-mj-0558, 2008 WL 2446134, at *1 (D.D.C. June 17, 2008).

While the Court commends Ms. Hall in her efforts since her arrest, the Court finds that Defendant's inability to obtain employment on its own is insufficient to justify expungement of her criminal record. This Circuit has consistently ruled that when weighed against governmental interests in preserving a criminal record, the adverse effects of a defendant's conviction on her employment prospects are insufficient to warrant expungement, absent flagrant constitutional violations. *See, e.g., Derouen*, 279 F. Supp. 3d at 300; *United States v. Woods*, 313 F. Supp. 3d 197, 200 (D.D.C. 2018) ("Inability to obtain specific employment is neither an exceptional circumstance nor an unusual result of a criminal conviction."); *United States v. Spinner*, 72 F. Supp. 3d 266, 269 (D.D.C. 2014) (holding that the inability to obtain employment does not warrant the remedy of expungement of a criminal record); *In re Reid*, 569 F. Supp. 2d 220, 222 (D.D.C. 2008) ("[W]hile this Circuit has long recognized the fact that a criminal record causes social disabilities, the harm of being unable to obtain employment is insufficient on its own[.]") (citations omitted)). Accordingly, for the foregoing reasons, the Court finds that Ms. Hall's [260] Motion for Expungement must be denied.

An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE